IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN FRISBY, | : | CIVIL ACTION |
| *Petitioner*, | : | |
| | : | |
| v. | : | No. 19-5789 |
| | : | |
| MARK GARMAN *et al.*, | : | |
| *Respondents*. | : | |

**ORDER**

**AND NOW**, this 29th day of January, 2021, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Julian Frisby, the record in this case, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated August 31, 2020, and Objection to the Report and Recommendation filed by *pro se* petitioner (ECF No. 20), **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated August 31, 2020, is **APPROVED** and **ADOPTED**;

2. The Objection to the Report and Recommendation filed by pro se petitioner is **OVERRULED** on the ground that the Objection asserts for the first time a freestanding actual-innocence claim which does not entitle Petitioner to habeas relief. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404–405 (1993)). Even if his freestanding actual-innocence claim is cognizable, Petitioner's allegation does not meet the "extraordinarily high" standard required under *Herrera*. *See Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 120 (3d Cir. 2015).

3. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by pro se petitioner is **DENIED** and **DISMISSED** without an evidentiary hearing; and,

4. A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural ruling(s) with respect to petitioner's claim(s). *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**